## William Blake v. The State.

### No. 6543.   Decided November 16, 1921.

**1.—Intoxicating Liquors—Unlawful Possession—Evidence—Suspended Sentence—Charge of Court.**

Upon trial of unlawful possession of intoxicating liquors, testimony that subsequent to the commission of the offense a certain quantity of liquor was found to have been poured out near the scene of the offense, was inadmissible, especially where the court failed to limit this testimony on the issue of suspended sentence, as was requested. The same ruling is applicable with reference to certain testimony admitted of a certain homicide subsequently committed.

**2.—Same—Statutes Repealed—Amendment—Repeal.**

The Act of the Second Called Session of the Thirty-seventh Legislature, page 233, amending the so-called "Dean Law," provides that the possession of intoxicating liquor is not an offense unless for the purpose of sale.

Appeal from the District Court of Marion.   Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of unlawfully having possession of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. B. Benefield,* and *P. G. Henderson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appeal is from conviction for unlawful possession of intoxicating liquor, punishment being assessed at one year in the penitentiary.

The indictment was filed December 1, 1920, and alleged the date of the offense to be September 9, 1920. Upon the trial of appellant, over his objection, the State was permitted to prove that about the middle of February, 1921, the sheriff and a party who was aiding him were out near appellant's house in search of whisky stills, upon which occasion one witness found the tracks of a woman, going down to a branch a short distance back of appellant's house, and upon following these tracks, found where some whisky had been poured out of four bottles; a small quantity of whisky remaining in one of them. The bills of

exceptions presenting this matter are not as definite as they should be, but we fail to see from the record where either witness claims to have seen the woman pour the whisky out, or to have identified her in any way, although, it appears to have been the supposition that it was appellant's wife. It seems to have been the theory of the State that this testimony was admissible on the issue of suepended sentence, although it was a transaction occuring subsequent to the date of the alleged offense, and subsequent to the filing of the indictment. The testimony would not be admissible under any circumstances, nor for any purpose, unless the appellant was in some way connected with the act sought to be shown. After having let this testimony in, the court failed to limit the purpose of it to the issue of suspended sentence, although requested so to do in a proper charge. In approving the bill to his refusal to give this special charge referred to, the court explains the same by saying that the "district attorney said to the court 'and in the presence of the jury and in their hearing, that it was offered for no purpose except on the issue of suspended sentence." While this may have been true, it would not relieve the court of the necessity of giving the jury the requested charge, for no statement made by the district attorney would take the place of a direct instruction from the court as to the purpose for which such testimony was admitted. What we have had to say with reference to the question raised by the foregoing bill of exceptions applies also to certain testimony admitted with reference to the killing of one Lee Brooks, and whisky having been found in his possession at the time, and which was also subsequently found in his grip at appellant's house. This transaction also seems to have been subsequent to the filing of the indictment in this case. We do not desire to be understood as expressing the opinion that the evidence complained of would be admissible on the issue of suspended sentence, even though appellant's connection with the transactions had been shown. We have confined our discussion to the error in not limiting it to the purpose for which the court did admit it.

In this case attention is called to the fact that by the Acts of the Second Called Session of the Thirty-seventh Legislature, page 233, what is known as the Dean Law was so amended that the possession of intoxicating liquor is not an offense at this time, unless for the purpose of sale.

For the errors pointed out, the judgment of the trial court will be reversed, and the cause remanded.

*Reversed and remanded.*